## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY,<br><br>                                    Plaintiff,<br><br>          -v.-<br><br>DEHUI SOLAR POWER INC.,<br><br>                                    Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff Navigators Insurance Company ("Navigators" or "Surety") hereby files this Complaint against Defendant Dehui Solar Power Inc. ("Dehui Solar (US)"), and states as follows:

## PARTIES

1. At all relevant times, Navigators was and is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155.

2. Dehui Solar (US) is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 9 East Loockerman Street, Suite 311, Dover, Delaware 19901.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332(a) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 in that the Defendant resides in this District.

## FACTS COMMON TO ALL COUNTS

I.   THE INDEMNITY AGREEMENT

5. Dehui Solar (US), at all relevant times, was engaged in the solar panel business.

6. Working in conjunction with an affiliate located in Vietnam, Dehui Solar Power (Vietnam) Co, Ltd. ("Dehui Solar (Vietnam)"), Dehui Solar (US) imported solar panels into the United States to sell to residential, commercial and industrial customers.

7. In order to import these panels into the United States, Dehui Solar (US) obtained bonds from Navigators that were required by U.S. Customs and Border Protection ("U.S. Customs").

8. In consideration for, and in order to induce Navigators to issue customs bonds, on or about October 8, 2019, Dehui Solar (US) and Dehui Solar (Vietnam) (together, the Indemnitors" or each, an "Indemnitor") executed and delivered a General Indemnity Agreement (the "Indemnity Agreement), in favor of Navigators.[1]  A true and correct copy of the Indemnity Agreement is attached as Exhibit A.

9. Pursuant to the Indemnity Agreement, the Indemnitors agreed, among other things, to be jointly and severally liable to Navigators and to:

> exonerate, hold harmless, and indemnify the Surety from and against any
> and all liability, loss, costs, damages, fees of attorneys and consultants,
> and other expenses, including interest, which the Surety may sustain or
> incur by reason of, or I [sic] consequence of, the execution of such bonds
> and any renewal, continuation or successor thereof…

*See*, Exhibit A at ¶ 2.

10. The Indemnitors further agreed, jointly and severally, that:

> [t]he Surety shall have the exclusive right to decide and determine whether
> any claim, liability, suit or judgment made or brought against the Surety or

---

[1] This Complaint only names Dehui Solar (US) as a defendant.  As set forth in the Indemnity Agreement, this does not constitute a waiver of Navigators' right to bring a separate suit against Dehui Solar (Vietnam) at a later date.

2

> the Indemnitors, or any one of them, on any such bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and the Surety's decision thereon, if made in good faith, shall be final and binding upon the Indemnitors….An itemized statement of payments made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety for such payments, with interest.

*See*, Exhibit A at ¶ 5.

11. In addition, the Indemnitors agreed that:

> [s]eparate suits may be brought hereunder as causes of action accrue, and suit may be brought against any or all of the Indemnitors; and suit or suits upon one or more causes of action, or against one or more of the Indemnitors, shall not be prejudiced or bar subsequent suits against any other or all of the Indemnitors on the same or any other cause or causes of action, whether theretofore or thereafter accruing.

*See*, Exhibit A at ¶ 10.

12. The Indemnity Agreement finally provides that Navigators "shall have the right to reasonable access to the books, records, and accounts of the Indemnitors[.]"

*See*, Exhibit A at ¶ 13.

## II.   THE BONDS

13. On or about October 10, 2019, Navigators, as surety for Dehui Solar (US), issued Customs Bond No. 19C001BHI, in the penal sum of $900,000, on behalf of Dehui Solar (US), as principal, and in favor of U.S. Customs, as obligee.

14. On or about February 19, 2020, Navigators, as surety for Dehui Solar (US), issued Customs Bond No. 20C0007IR, in the penal sum of $1,100,000, on behalf of Dehui Solar (US), as principal, and in favor of U.S. Customs, as obligee.

15. Customs Bond 19C001BHI and 20C0007IR shall be collectively referred to as the "Customs Bonds" and each, a "Customs Bond". Copies of the Customs Bonds are attached as Exhibit B.

### III. THE CLAIMS UNDER THE CUSTOMS BONDS

16. U.S. Customs made demand on Navigators to satisfy its obligations under the Customs Bonds after Dehui Solar (US) failed to pay duties, taxes, fees or other charges of import activities owed to U.S. Customs.

17. On or about July 13, 2020, Navigators satisfied claim number CTB339494 for outstanding amounts owed by Dehui Solar (US) totaling $718,560.35 and made on Customs Bond No. 19C001BHI.

18. On or about July 13, 2020, Navigators satisfied claim number CTB339490 for outstanding amounts owed by Dehui Solar (US) totaling $405,829.31 and made on Customs Bond No. 20C00071R.

19. On or about August 22, 2022, Navigators satisfied claim number CTB368625 for outstanding amounts owed by Dehui Solar (US) totaling $181,439.65 and made on Customs Bond No. 19C001BHI.

20. On or about August 25, 2022, Navigators satisfied claim number CTB368624 for outstanding amounts owed by Dehui Solar (US) totaling $419,873.28 and made on Customs Bond No. 20C00071R.

### IV. NAVIGATOR'S LOSSES, COSTS AND EXPENSES

21. Dehui Solar (US) made a partial payment of $190,000.00 to Navigators, but has otherwise failed and refused to fully satisfy its obligation under the Indemnity Agreement to

indemnify Navigators for the losses, costs and expenses that Navigators has incurred by reason of having issued the Customs Bonds.

22. By reason of the execution of the Customs Bonds, Navigators has incurred losses in the amount of $1,535,702.59 plus all attorneys' fees, costs and expenses incurred to date. Navigators will continue to incur attorneys' fees, costs and expenses as a result of this lawsuit.

## FIRST CLAIM FOR RELIEF
### CONTRACTUAL INDEMNIFICATION AS TO DEHUI SOLAR (US)

23. Navigators repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as though fully set forth herein.

24. Pursuant to the Indemnity Agreement, Dehui Solar (US) agreed, among other things, to be liable to Navigators and to:

> exonerate, hold harmless, and indemnify the Surety from and against any and all liability, loss, costs, damages, fees of attorneys and consultants, and other expenses, including interest, which the Surety may sustain or incur by reason of, or I [sic] consequence of, the execution of such bonds and any renewal, continuation or successor thereof…

25. To date, Dehui Solar (US) has failed to honor its obligation under the Indemnity Agreement to, among other things, indemnify and hold Navigators harmless for any and all liability, loss, demand, fees and costs incurred in connection with the Customs Bonds.

26. Dehui Solar (US)'s failure and refusal to honor its obligation under the Indemnity Agreement is a breach of the Indemnity Agreement.

27. As a result of the Dehui Solar (US)'s breach of the Indemnity Agreement, Navigators has incurred losses in the amount of $1,535,702.59, plus all attorneys' fees, costs and expenses incurred to date, and Navigators will continue to sustain losses, costs and expenses.

WHEREFORE, Navigators demands that judgment be entered against Dehui Solar (US) for:

5

    (a)    for contractual indemnification for losses, cost and expense incurred by Navigators to date in the amount of $1,535,702.59, and any and all liability, losses, costs, expenses, including attorneys' fees, incurred and to be incurred by Navigators, together with appropriate interest thereon;

    (b)    for declaratory relief, declaring that Dehui Solar (US) is liable to Navigators for all losses, liability, attorneys' fees, cost or expense to which Navigators has been exposed and which it may sustain;

    (c)    for attorneys' fees and costs of suit; and

    (d)    for such other and further relief, legal or otherwise that this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
## COMMON LAW INDEMNIFICATION AS TO DEHUI SOLAR (US)

28. Navigators repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as though fully set forth herein.

29. As between U.S. Customs and Dehui Solar (US), Navigators is secondarily obligated under the Customs Bonds, while Dehui Solar (US) is primarily obligated under the Customs Bonds, and otherwise owes a duty to Navigators to procure the discharge of all obligations arising under the Customs Bonds.

30. Navigators has sustained damages by reason of Dehui Solar (US)'s failure to honor its common law obligations arising under the Customs Bonds.

WHEREFORE, Navigators demands that judgment be entered against Dehui Solar (US) for:

    (a)    for common law indemnification for losses, cost and expense incurred by Navigators to date in the amount of $1,535,702.59, and any and all liability,

    losses, costs, expenses, including attorneys' fees, incurred and to be incurred by Navigators, together with appropriate interest thereon;

(b) for declaratory relief, declaring that Dehui Solar (US) is liable to Navigators for all losses, liability, attorneys' fees, cost or expense to which Navigators has been exposed and which it may sustain;

(c) for attorneys' fees and costs of suit; and

(d) for such other and further relief, legal or otherwise that this Court may deem just and proper.

              McELROY, DEUTSCH, MULVANEY
              & CARPENTER, LLP

Dated: December 19, 2022  By: /s/ Gaston P. Loomis
              Gaston P. Loomis, Esq. (DE Bar No. 4812)
              300 Delaware Avenue, Suite 1014
              Wilmington, Delaware 19801
              Telephone: (302) 300-4510
              Facsimile: (302) 654-4031
              E-mail: gloomis@mdmc-law.com

              -and-

              John W. Morris, Esq.
              225 Liberty Street
              36th Floor
              New York, New York 10281
              Telephone: (212) 483-9490
              E-mail: jmorris@mdmc-law.com

              *Attorneys for Plaintiff Navigators Insurance Company*