IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NAVIGATORS INSURANCE COMPANY,

Plaintiff,

-v.-

DEHUI SOLAR POWER INC.,

Defendant.

CIVIL ACTION

NO.: 22-1605-MAK

## MOTION TO DETERMINE DAMAGES AND TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT FOR SUCH DAMAGES

Plaintiff Navigators Insurance Company ("Navigators"), by and through its undersigned counsel, hereby files this motion to determine damages and to enter default judgment against Defendant Dehui Solar Power Inc. ("Defendant) for such damages, and in support thereof provides the attached affidavit (the "Affidavit"), and states as follows:

### Preliminary Statement

On December 19, 2022, Navigators filed a complaint (the "Complaint") in the above-captioned matter against Defendant Dehui Solar (Dkt. # 1). Defendant has never answered or otherwise responded to the Complaint. Defendant is neither an individual, a minor, an incompetent person, nor does it serve in the military. On January 30, 2023, Navigators filed a Request for Entry of Default (Dkt. # 8). On February 7, 2023, this Court granted Plaintiff's Request for Entry of Default (Dkt. # 9). The Court further ordered Navigators to file this Motion to determine damages (*Id*.).

Based on the averments set forth herein and in the Complaint, Navigators asserts claims of contractual and common law indemnification against Defendant. Based on these claims, Defendant is liable to Navigators for damages in the amount of $1,543,212.99, consisting of

$1,535,702.59 in losses, $6,954.00 in attorneys' fees accrued to date and $556.40 in costs. Hence, Navigators seeks judgment by default against Defendant for such amount.

## FACTUAL BACKGROUND

1.      To import solar panels into the United States, Defendant required customs bonds (Complaint, § 7).

### The Indemnity Agreement

2.      In order to induce Navigators to issue these bonds, Defendant executed and delivered a General Indemnity Agreement (the "Indemnity Agreement") in favor of Navigators as surety (Complaint, § 8).

3.      Pursuant to the Indemnity Agreement, Defendant agreed, among other things, to

> exonerate, hold harmless, and indemnify the Surety from and against any and all liability, loss, costs, damages, fees of attorneys and consultants, and other expenses, including interest, which the Surety may sustain or incur by reason of, or I [sic] consequences of, the execution of such bonds and any renewal, continuation or success thereof…

*See* Indemnity Agreement (Ex. A to the Complaint), at 2.

### The Bonds

4.      In reliance on the Indemnity Agreement, on or about October 19, 2019, Navigators issued Customs Bond No. 19C001BHI, in the penal sum of $900,000, on behalf of Defendant, as principal, and in favor of U.S. Customs and Border Protection ("U.S. Customs") (Complaint, § 13).

5.      Further, in reliance on the Indemnity Agreement, on or about February 19, 2020, Navigators issued Customs Bond No. 20C0007IR, in the penal sum of $1,100,000, on behalf of Defendant, as principal, and in favor of U.S. Customs (Complaint, § 14).

6.      The above-referenced Customs Bonds shall be collectively referred to herein as the "Customs Bonds".  *See* Customs Bonds (Ex. B to the Complaint).

**The Bond Claims and Losses**

7.      U.S. Customs made demand on Navigators on separate occasions to satisfy its obligations under the Customs Bonds after the Defendant failed to pay duties, taxes, fees or other charges of import activities owed to U.S. Customs (Complaint, § 16).

8.      On or about July 13, 2020, Navigators satisfied Customs Bond claim number CTB339494 for outstanding amounts owed by Defendant totaling $718,560.35 (Complaint, §17).

9.      On or about July 13, 2020, Navigators satisfied Customers Bond claim number CTB339490 for outstanding amounts owed by Defendant totaling $405,829.31 (Complaint, § 18).

10.     On or about August 22, 2022, Navigators satisfied Customs Bond claim number CTB368625 for outstanding amounts owed by Defendant totaling $181,439.65 (Complaint, § 19).

11.     On or about August 25, 2022, Navigators satisfied Customs Bond claim number CTB368624 for outstanding amounts owed by Defendant totaling $419,873.28 (Complaint, § 20).

12.     Together, these claims total $1,727,702.59 and shall be collectively referred as the "Bond Claims".

13.     Navigator's losses associated with the Bond Claims were partially offset by partial payments subsequently made by Defendant totaling $190,000.00.

14.     As a result, Navigators losses total $1,535,702.59 (the "Losses).  Along with attorneys' fees of $6,954.00 and costs of $556.40, its total losses are $1,543,212.99 (the "Total

Losses"). The Total Losses are more particularly itemized in the chart attached as Exhibit A to the Affidavit that accompanies this Motion.

## ARGUMENT

### Contractual Indemnity

15.     Courts in Delaware interpret unambiguous contracts according to their terms. *ITSupportCenter, LLC v. Qualcomm Inc.*, No. N15C-05-196 ALR, 2016 Del. Super. LEXIS 478, at *6 (Super. Ct. Sep. 22, 2016) ("Under Delaware law, clear and unambiguous contract terms are interpreted according to their ordinary and usual meaning"); *Boeing Co. v. Spirit Aerosystems, Inc.*, No. : N14C-12-055 EMD CCLD, 2017 Del. Super. LEXIS 311, at *18 (Super. Ct. June 27, 2017) ("The Court may interpret an unambiguous contract as a matter of law by giving clear and unambiguous terms their plain and ordinary meaning.").

16.     The Indemnity Agreement is clear and unambiguous.  Paragraph 2 of the Indemnity Agreement requires the Defendant to indemnify and hold Navigators harmless stating that the Defendant shall

> exonerate, hold harmless, and indemnify the Surety from and against any and all liability, loss, costs, damages, fees of attorneys and consultants, and other expenses, including interest, which the Surety may sustain or incur by reason of, or I [sic] consequences of, the execution of such bonds and any renewal, continuation or success thereof…

*See* Indemnity Agreement (Ex. A to the Complaint), at § 2.

17.     Based on this clear and unambiguous language, the Defendant as indemnitor is liable to Navigators for its Total Losses, inclusive of its attorneys' fees and costs.  *Freeman v. Carter*, No. N21C-09-081 EMD, 2022 Del. Super. LEXIS 1386, at *14 (Super. Ct. Nov. 15, 2022) ("Delaware will enforce indemnification when the intention to indemnify appears in the terms of the agreement"); *Delle Donne & Assocs., LLP v. Millar Elevator Serv. Co.*, 840 A.2d

1244, 1255 (Del. 2004) ("attorneys' fees and expenses may be recovered under an indemnification agreement if they are incurred as a result of defending the claims that are the subject of the duty to indemnify"); *Andre Constr. Assoc., Inc. v. Catel, Inc*., 681 A.2d 121, 123 (N.J. Super. Ct. Law Div. 1996) (when indemnity agreement between surety and principal or other indemnitors unambiguously sets forth parties' obligations, courts should summarily enforce it); *United States Fid. & Guar. Co. v. Sequip Participacoes, S.*A., 2003 U.S. Dist. LEXIS 20945, at *15 (S.D.N.Y. Nov. 18, 2003) ("New York law has long recognized the validity of indemnity agreements"); *First Nat'l Ins. Co. of Am. v. Joseph R. Wunderlich, Inc.*, 358 F. Supp. 2d 44, 46 (N.D.N.Y. 2004) (finding indemnity agreements enforceable); *Hennepin Pub. Water Dist. Petersen Constr. Co.*, 270 N.E.2d 419, 423 (Ill. App. Ct. 1971) (indemnity agreement was broad enough to include costs and expenses of defending any action brought against surety on any bond executed on behalf of principal);

18.    Navigator suffered Losses of $1,535,702.39 in losses and $6,954.00 in attorneys' fees and $556.40 in costs.  Based on the clear and unambiguous terms of the Indemnity Agreement, the Debtor is liable to indemnify and hold Navigators harmless for such Total Losses equal to $1,543,212.99.

**<u>Common Law Indemnity</u>**

19.    As an alternative form of relief, Navigators seeks to hold Defendant liable under a claim of common law indemnity.  While the Defendant is required to contractually indemnity Navigators, the Defendant, as bond principal is liable to Navigators for any losses under the common law.

20.    Reimbursement is the principal's common law obligation to make a performing surety whole by paying back the surety its losses. *Trustwave Hldgs., Inc. v. Beazley Ins. Co*., No.

N18C-06-162 PRW CCLD, 2019 Del. Super. LEXIS 472, at *17 (Super. Ct. Sep. 30, 2019) ("A right to indemnification can exist either by common law or through contract"); *Schirm v. Auclair*, 597 F.Supp. 202, 206 - 207 (D. Conn. 1984).   Unlike with obligations involving contractual indemnity (which arises at the time of any liability), common law liability in Delaware arises only where the surety has been damaged.  *Tidewater Coal Exch., Inc. v. Am. Sur. Co.*, 143 A. 34, 37 (Del. Super. Ct. 1928) ("There is no doubt that, under the common-law rule, it is necessary to show actual damage before recovery can be had on a mere bond of indemnity…").

21.     Here, there is no doubt that Surety has suffered losses.  As stated in the attached Affidavit, Navigators has suffered Total Losses of $1,543,212.99.   The Defendant is liable to Navigators for such damages.

**WHEREFORE**, for the foregoing reasons, Navigators respectfully requests that the Court find Defendant is liable to Surety for $1,543,212.99, enter default judgment against Navigators for such amount and enter such further relief as the Court deems just and reasonable.

<div style="margin-left: 40%;">

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

</div>

Dated: February 20, 2023          /s/ Gaston P. Loomis
                                  Gaston P. Loomis, Esq. (DE Bar No. 4812)
                                  300 Delaware Avenue, Suite 1014
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 300-4510
                                  Facsimile: (302) 654-4031
                                  E-mail: gloomis@mdmc-law.com

                                  -and-

                                  John W. Morris, Esq.
                                  225 Liberty Street, 36th Floor
                                  New York, New York 10281
                                  Telephone: (212) 483-9490

                                  *Attorneys for Plaintiff Navigators Insurance Company*